UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **INDICTMENT** |
| v. | 25 Cr. |
| GINA GUY and ROSANNA LISA STANLEY, | |
| Defendants. | |

25 CRIM 29

## COUNT ONE
### (Conspiracy to Commit Wire Fraud)

The Grand Jury charges:

1.      From at least in or about 2021 through at least in or about 2024, in the Southern District of New York and elsewhere, ROSANNA LISA STANLEY and GINA GUY, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

2.      It was a part and an object of the conspiracy that ROSANNA LISA STANLEY and GINA GUY, the defendants, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, STANLEY and GUY engaged in a scheme to induce elderly victims to transfer funds to GUY and STANLEY, under false pretenses, which involved, among other things, the use of wires

transmitted through the Southern District of New York.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Wire Fraud)

The Grand Jury further charges:

3.      From at least in or about 2020 through at least in or about 2024, in the Southern District of New York and elsewhere, GINA GUY, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, GUY engaged in a scheme to induce elderly victims to transfer funds to GUY, under false pretenses, and which involved, among other things, the use of wires transmitted through the Southern District of New York.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT THREE
### (Wire Fraud)

The Grand Jury further charges:

4.      From at least in or about 2011 through at least in or about 2024, in the Southern District of New York and elsewhere, ROSANNA LISA STANLEY, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing

2

such scheme and artifice, to wit, STANLEY engaged in a scheme to induce elderly victims to transfer funds to STANLEY, under false pretenses, and which involved, among other things, the use of wires transmitted through the Southern District of New York.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT FOUR
### (Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

5.    From at least in or about 2021 through at least in or about 2024, in the Southern District of New York and elsewhere, ROSANNA LISA STANLEY and GINA GUY, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i).

6.    It was a part and an object of the conspiracy that ROSANNA LISA STANLEY and GINA GUY, the defendants, and others known and unknown, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such a financial transaction, which transaction affected interstate and foreign commerce and involved the use of a financial institution which was engaged in, and the activities of which affected, interstate and foreign commerce, and which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

3

## FORFEITURE ALLEGATION

7.    As a result of committing the offenses alleged in Counts One, Two, and Three of this Indictment, ROSANNA LISA STANLEY and GINA GUY, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

8.    As a result of committing the offenses alleged in Count Four of this Indictment, ROSANNA LISA STANLEY and GINA GUY, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

### Substitute Assets Provision

9.    If any of the above described forfeitable property, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third person;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided without difficulty;

4

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and

Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the

defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981 and Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOR█████N

DANIELLE R. SASSOON
United States Attorney