UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 25-cr-29-JGK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

GINA GUY

and

ROSANNA LISA STANLEY,

      Defendants.

_____/

### DEFENDANTS' MOTION TO DISMISS INDICTMENT AND INCORPORATED MEMORANDUM OF LAW

The Defendants, **GINA GUY** ("Guy"), and **ROSANNA LISA STANLEY** ("Stanley") through undersigned counsel, respectfully move this Court, pursuant to Fed.R.Crim.P. 12(b)(3)(B), to dismiss the wire fraud charges alleged in Counts 1-3 of the indictment [DE30] filed herein on January 22, 2025. As grounds, Guy and Stanley aver that those counts fail to allege: 1) that false pretenses were material or that Guy and Stanley intentionally lied "to induce elderly victims to transfer funds" to them;" and 2) the identity of the alleged victims.

1

## I.      The Indictment

In the Indictment, Guy and Stanley are charged as follows:

Count 1 (Guy and Stanley) with Conspiracy to Commit Wire Fraud under 18 U.S.C.§§1343 and 1349 (from on or about 2021 through 2024);

Count 2 (Guy only) with Wire Fraud under 18 U.S.C.§§1343 and 2 (from on or about 2020 through 2024);[1]

Count 3 (Stanley only) with Wire Fraud under 18 U.S.C.§§1343 and 2 (from on or about 2020 through 2024);[2]

Count 4 (Guy and Stanley) with Conspiracy to Commit Money Laundering under 18 U.S.C. §1956(h) (from on or about 2021 through 2024); and

Forfeiture allegation (Guy and Stanley) under 18 U.S.C.§§981(a)(1)(C) and 982(a)(1) and 28 U.S.C.§§853(p) and 2461(c).

Other than the alleged dates and venue, the Indictment returned by the Grand Jury contains a dearth of facts implicating Guy or Stanley in criminal activity. Counts 1-3 of the Indictment factually allege that Guy and Stanley, individually or in concert with each other, "engaged in a scheme to induce elderly victims to

---

[1] In the Complaint, Guy was charged with having committed Wire Fraud during a much longer time period than alleged in the Indictment, that is, from on or about 2016 and through 2024 [DE1:1].

[2] In that Complaint, Stanley was charged with having committed Wire Fraud during a longer time period than alleged in the Indictment, that is, from on or about 2009 and through 2024 [DE1:2].

transfer funds to [them], under false pretenses." [DE30:1-3].[3] However, these counts are infirm because they fail to: 1) set forth the false pretenses, representations, and promises made by each defendant with respect to specific victims which induced the latter to transfer funds to the defendants, or allege that any such false pretenses, representations, and promises were material;[4] or 2)

---

[3] Count 4 does not allege any facts specifying what Guy and Stanley are accused of doing other than laundering money derived from the proceeds of the criminal activity alleged in Counts 1-3.

[4] In the Complaint filed on June 24, 2024 [DE1:3], the Government alleged that Guy and Stanley defrauded at least 16 "elderly and other vulnerable" unnamed victims of more than $7 million dollars from on or about 2009 through 2024. However, it only generally discussed examples that: 1) Guy singularly engaged in schemes to defraud with *four* alleged unnamed victims; 2) Stanley singularly engaged in schemes to defraud with *two* alleged unnamed victims; and 3) jointly engaged in a scheme to defraud with *one* alleged unnamed victim. [DE1:3-8]. At the February 5, 2025 Conference, Assistant United States Attorney Phillips represented to the Court that Guy and Stanley had defrauded 15 victims.

The Complaint also alleged that

> [a]s part of that scheme, STANLEY and GUY lured the Victims, who were nearly all elderly individuals, into purported romantic or close personal relationships through in-person meetings, phone calls, text messages, and an online dating platform. After earning the Victims' trust, STANLEY and GUY convinced the Victims to transfer money to STANLEY and GUY under false pretenses, including by, among other things, falsely representing that STANLEY and GUY needed money for fake businesses and organ transplants.

[DE1:3].

identify the unnamed "elderly" victims, or whether Guy and Stanley defrauded the same or different victims, separately or in combination with the other.

Because Guy and Stanley are now only left to wonder upon what facts the Grand Jury returned the Indictment, dismissal is warranted.

## II.    The wire fraud charges must be dismissed

The Fifth Amendment Indictment Clause Indictment Clause "requires that an indictment contain ***some amount of factual particularity*** to ensure that the prosecution will not fill in elements of its case with facts other than those considered by the grand jury." ***United States v. Walsh***, 194 F.3d 37, 45 (2nd Cir. 1999) (emphasis  added). In other words, "a defendant [cannot] be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him." ***Russell v. United States***, 369 U.S. 749, 770 (1962).

### A. Counts 1-3 of the Indictment fail to allege that false pretenses were material or that Guy and Stanley intentionally lied "to induce elderly victims to transfer funds" to them

The mail and wire fraud statutes make criminal the use of the mail or wires to execute "any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses." 18 U.S.C. §§1341, 1343. "The essential elements of mail and wire fraud are (1) a scheme to defraud, (2) money or property as the object of the scheme, and (3) use of the mails or wires to further the scheme." ***United States v. Weaver***, 860 F.3d 90, 94 (2nd Cir. 2017) (per curiam) (alteration adopted) (quoting ***United States v. Binday***, 804 F.3d 558, 569 (2nd Cir. 2015)).

"The gravamen of the offense is the scheme to defraud." *Id.* (alteration

4

adopted) (quoting *United States v. Greenberg*, 835 F.3d 295, 305 (2nd Cir. 2016)). To prove a scheme to defraud, the government must prove that the defendant made misrepresentations that were "material," and "that the defendant acted with fraudulent intent." *Id.* (quoting *U.S. ex rel. O'Donnell v. Countrywide Home Loans, Inc.*, 822 F.3d 650, 657 (2nd Cir. 2016)).

*United States v. Runner*, 2025 WL 1888317, \*4 (2nd Cir.) (footnote omitted).

### 1. The wire fraud charges do not allege that false pretenses were material

Count 1 of the indictment charges both defendants with conspiring "in a scheme to induce elderly victims to transfer funds to [them] under false pretenses…" [DE30:1]; count 2 charges Guy with "engag[ing] in a scheme to induce elderly victims to transfer funds to [her] under false pretenses …" [DE30:2]; and count 3 charges Stanley with "engag[ing] in a scheme to induce elderly victims to transfer funds to [her] under false pretenses …" [DE30:3]. However, the United States Supreme Court in *Kousisis v. United States*, 605 U.S. 114 (2025) "reiterate[d] 'that *materiality of falsehood is an element* of'— and thus a limit on — the federal fraud statutes." *Id.* at 132 (quoting *Neder v. United States*, 527 U.S. 1, 25 (1999) (emphasis added).[5] It also emphasized that "[t]he

---

[5] In *Kousisis v. United States*, *supra*, the Court concluded

that the government did not need to prove economic loss to convict under the mail and wire fraud statutes. *Id.* at 130. Going further, the Court also endorsed the fraudulent-inducement theory. The Court held that "[t]he fraudulent-inducement theory [wa]s consistent with both

'demanding' materiality requirement substantially narrows the universe of actionable misrepresentations," *id.* at 134, the materiality standard serves as "the principled basis for distinguishing everyday misstatements from actionable fraud," *id.* at 131, and "a defendant commits federal fraud whenever he uses a *material misstatement* to trick a victim into a [transaction] that requires handing over her money or property." *Id.* at 118 (emphasis added). The Court further explained that "a misrepresentation is material if a reasonable person would attach importance to it in deciding how to proceed, or if the defendant knew (or should have known) that the recipient would likely deem it important." *Id.* at 131 (citation omitted).

A material "misrepresentation can take the form of a false statement, a fraudulent omission, or a half-truth, which is 'a "representation stating the truth so far as it goes" but [that] is nonetheless misleading because of the "failure to state additional or qualifying matter." ' " ***United States v. Eisenberg***, 2025 WL 1489248, *22 (S.D.N.Y.).[6] Because Counts 1-3 fail to allege that Guy and Stanley

---

the text of the wire fraud statute and [the Court's] precedent interpreting it." *Id.* at 123; *see also id.* at 124 ("A conviction premised on a fraudulent inducement thus comports with §1343."); *id.* at 127 at n.5

***United States v. Runner***, 2025 WL 1888317, *5 (2nd Cir.).

[6]

Materiality resembles a "but-for" standard, asking whether the misrepresentation "constituted an inducement or motive to enter into a

"induced the deprivation of money or property under *materially* false pretenses," *id.* at 1394 n. 5 (emphasis added), the fraud charges require dismissal. *Cf. United States v. Peraire-Bueno*, 2025 WL 2062021, *8 (S.D.N.Y.) (district court found that indictment charging Defendants with conspiracy to commit wire fraud, wire fraud, and conspiracy to commit money laundering sufficiently alleged that defendants made "material misrepresentations—namely, they explain the nature of these misrepresentations, how those misrepresentations were false and material, and where they were offered").[7]

Lastly, while the word "material" does not have to necessarily be used to properly allege a violation of wire fraud, the misrepresentations themselves that are material must be otherwise alleged in the indictment.

---

transaction." *Id.* (cleaned up). In other words, "a misrepresentation is material if a reasonable person would attach importance to it in deciding how to proceed, or if the defendant knew (or should have known) that the recipient would likely deem it important." *Id.* (citations omitted).

*United States v. Bradley*, 2025 WL 3564151, *8 (D.Conn.) (quoting *Kousisis v. United States*, 605 U.S. at 131)

[7] The district court distinguished the Government's "alleg[ation] that Defendants employed illegal means through material misrepresentations to carry-out their scheme" in that case with *United States v. Radley*, 659 F. Supp. 2d 803 (S.D.Tex.2009) *aff'd*, 632 F.3d 177 (5th Cir. 2011), where the latter district court "concluded, in dismissing the wire fraud charge, that the government never alleged that the defendants made 'even a single misrepresentation of material fact.'"

> [D]esignating a representation "material" does not make it so, and failing to designate a representation "material" does not make it immaterial…. [T]he requirement to explicitly allege materiality does not translate to "explicitly using the word material in the indictment." What must be explicitly alleged, rather, is the content of the representation itself. Indeed, this is what enables a defendant to challenge, and a court to rule on, the representation's materiality. Put differently, the question is not whether the Government explicitly used the word "material" in the indictment, but whether the representation explicitly referenced in the indictment is material.

*United States v. Sun*, 2025 WL 2857987, *3 (E.D.N.Y.2025). Counts 1-3 of the instant indictment fail to allege that Guy or Stanley made any material representations that "a reasonable person would attach importance to it in deciding how to proceed," *Kousisis v. United States*, 605 U.S. at 131, or alternatively allege what representations they made that were material. Accordingly, the wire fraud counts must be dismissed because they fail to allege the materiality of any falsehoods.

### 2. The fraud charges do not allege that the defendants intentionally lied "to induce elderly victims to transfer funds" to them

In *Kousisis v. United States*, *supra*, the United States Supreme Court also held that the federal fraud statutes make criminal schemes in which the defendant "intentionally [lies] to induce a victim into a transaction that will cost her money or property," *Id.* at 135. While Counts 1-3 allege that the defendants "knowingly having devised and intending to devise a scheme and artifice to defraud, and for

obtaining money and property by means of false and fraudulent pretenses, representations, and promises … engaged in a scheme to induce elderly victims to transfer funds to [them collectively or individually] under false pretenses," [DE30:1-3], the fraud charges fail to allege that the defendants ***intentionally*** lied to "induce elderly victims to transfer funds" to them. In other words, it is not sufficient that the defendants are alleged to have intended to devise a scheme to defraud; the fraud charges must also allege that the defendants' false pretenses were intended "to induce a victim into a transaction that w[ould] cost her money or property."

### B. Counts 1-3 of the Indictment fail to allege the identity of the alleged victims

In a case filed in this district in which an indictment failed to name the union member allegedly subjected to force, violence and threats, Judge Frankel dismissed the one-count indictment, finding it was "excessively and prejudicially uncertain" and revealed

> a failure by the grand jury to complete and record with certainty the task it (exclusively) has under the Fifth Amendment. The grand jury has neither said nor explained its failure to say who among a substantial number of possibilities is supposed to have been the target of the alleged crime. It has left the prosecution free to fill in this vital missing element— free, in a way which is constitutionally grave whether or not it is highly probable, to name someone different from the one intended by the grand jury. A prosecutorial power 'to roam at large' in this fashion is not allowable.

9

*United States v. Agone*, 302 F.Supp. 1258, 1260-61 (S.D.N.Y.1969).

The instant case is even more problematic. While the crime in *Agone* allegedly occurred on one specific date and had only one victim who was a "member of Local 11, Chain Service Restaurant, Luncheonette and Soda Fountain Employees Union, Hotel and Restaurant Employees and Bartenders International Union (AFL-CIO)," *id.* at 1258, "the class of possible victims ha[d] a substantial membership." *Id.* at 1260. In this case, the charges do not encompass a day but periods of years (Count 1 - three years, Count 2 - four years, and Count 3 -- thirteen years) and allege that Guy and Stanley engaged in a scheme to "induce *elderly victims* to transfer funds to [them], under false pretenses," [DE30:1-3], without naming the victims or indicating how many. That narrows the pool of possible elderly victims in the Southern District of New York to several million people.

In *Agone*, the defendant there, as the defendants did in this case, filed a motion for bill of particulars requesting the identity of the unnamed victim. The Government in that case agreed to "supply[ ] the alleged victim's name. It was requested, however, that the delivery of this information be delayed until two weeks before the trial because, the government submitted, earlier revelation might endanger the union member in question." *Id.* at 1260-61.

10

Similarly, the Government in this case, while presently opposing the defendants' motion for a bill of particulars requesting disclosure of the identity of the unnamed victims, represented that it would "timely provide the defense with victim identities and victim statements, among other information, prior to trial, in accordance with its obligations under *Giglio v. United States*, 405 U.S. 150 (1972), and 18 U.S.C. § 3500." [DE47:7]. This Court denied the defendants' motion for bill of particulars but deferred their identification until prior to trial "in view of the vulnerable nature of the victims who were allegedly defrauded." [DE61:7].

However, "it is a settled rule that a bill of particulars cannot save an invalid indictment." *Russell v. United States*, 369 U.S. 749, 770 (1962). The Court in *Agone* concluded that

> [e]ven if … the victim's name should be withheld for a time in his interests and in the interests of justice, that is no reason for sustaining the indictment. The asserted need for secrecy in this or some other specific respect, when secrecy is a pervasive essential of the grand jury's work, is a delicate and debatable matter to which that body of citizens might make a wholesome contribution. Without speculating about this, it is enough that the law allows leeway in proper cases for omitting names which, though normally required, either cannot or should not be stated in the indictment. But the pertinent facts in such cases should be considered by the grand jury and, to the extent practicable, stated in the indictment.

*Id.* at 1261-62. As in *Angone*, simply because the Government in this case may have some basis to delay disclosure of the names of at least 15 victims it has claimed in Court and in discovery is irrelevant to whether the indictment is

11

insufficient and warrants dismissal. While the grand jury chose to only allege that Guy and Stanley engaged in a scheme to "induce *elderly victims* to transfer funds to wire fraud charges," those charges have left the defendants guessing as to how many persons were alleged to be victims during grand jury proceedings, and how many, if any, were identified by name.

A "defendant violates §1343 by scheming to 'obtain' the *victim's* 'money or property,' regardless of whether he seeks to leave the victim economically worse off." *Kousisis v. United States*, *supra*, at 124 (emphasis added). Without setting forth the identities of all the alleged victims, the fraud charges against Guy and Stanley do not "ensure that the prosecution will not fill in elements of its case with facts other than those considered by the grand jury." *United States v. Walsh*, *supra*. In other words, fraud charges identifying by name the alleged victims the grand jury considered and formed the bases for returning the instant indictment would assure that the Government will not thereafter add alleged victims not considered by the Grand Jury in prosecuting this case. The inclusion of the identity of the alleged victims in the fraud charges would have also protected Guy and Stanley from double jeopardy in the event the Government attempted to re-prosecute them for defrauding any victims not identified at the trial of the present case. *Cf. United States v. Gendron*, 2025 WL 1371418, *5 (W.D.N.Y.) (holding that an "indictment must give enough detail to discern the identity of each intended

12

victim 'with reasonable certainty,' " and not that it "must list the first and last name of every intended victim," it found that while the indictment was "minimally sufficient," it denied the motion to dismiss the indictment because the Government had provided substantial information about the events of a mass shooting approximately one year in advance of trial, including the first and last names of the 66 persons who were in the vicinity at the time of the attack); *United States v. Solovey*, 2005 WL 1279228, *4 (W.D.N.Y.) (finding that the Government should have set forth the identity of the victims allegedly threatened in the indictment, the Magistrate Judge recommended that the indictment be dismissed, notwithstanding the Government's offer to provide the identity of the victims in advance of trial);[8] *United States v. Urso*, 369 F.Supp. 254, 265 (E.D.N.Y.2005) (district court dismissed charges because it found that they not only "fail[ed] to name the alleged victim or victims of Basile's extortionate acts" but also "provide[d] no details of

---

[8] In affirming the Magistrate Judge's recommendation, the district court

> conclude[d] that the broad time frame and geographical area in which Defendant was alleged to have made these threats, to wit, sometime within 16 months (or beyond) and somewhere within the 17 county-wide Western District of New York, and the failure of the government to identify the alleged victims of the substantive crime of witness tampering, either in the Indictment or through disclosure, render the Indictment fundamentally insufficient and ambiguous.

*United States v. Solovey*, Western District of New York, case no. 2004-cr-244S, docket entry 41:4.

the loansharking violations with which Basile [wa]s charged other than to allege that they took place during a two-year period, and that some part of the charged criminal activity was carried out within the Eastern District of New York."

Wherefore, Gina Guy and Rosanna Lisa Stanley, request this Court to grant this motion to dismiss Counts 1-3 of the Indictment.

Respectfully submitted,

By: *William Castro*
William Castro
New York Reg. No. 2330074
Attorney for Defendant Guy
8724 S.W. 72 Street, #205
Miami, Florida 33173
Tel.: 305-898-3716
Fax: 305-598-2023
Email: wmcastronyatty@gmail.com

By: *Joseph R. Corozzo*
Joseph R. Corozzo
*Angela D. Lipsman*
Angela D. Lipsman
Rubinstein & Corozzo, LLP
Attorneys for Defendant Stanley
260 Madison Avenue, 22d Floor
New York, New York 10016
Tel.: 212-545-8777
Fax.: 917-722-8206
Email: jcorozzo@rubcorlaw.com

14

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January 2026, I electronically filed

the foregoing Motion with the Clerk of Court using the CM/ECF system.

*William Castro*
William Castro

15